## In re SHEPARD.

### (District Court, S. D. New York. June 28, 1899.)

BANKRUPTCY—DISCHARGE—ALIMONY.

Alimony awarded to a divorced wife by the judgment of a court of competent jurisdiction, to be paid in fixed weekly installments, and overdue at the time the husband files his petition in bankruptcy, is not such a debt as will be released by his discharge; and therefore the wife will not be stayed. pending the bankruptcy proceedings, from pursuing appropriate remedies for its collection.

In Bankruptcy.

George Shepard was made defendant in an action for absolute divorce, brought by his wife in a state court having jurisdiction in the premises. In this suit alimony was awarded to the plaintiff, to be paid by the defendant at the rate of $20 per week, together with counsel fees. Pending a motion in the state court to commit him for contempt of court in failing to pay the alimony due to the plaintiff,—which had accumulated, and was then in arrear to the extent of about $1,300,—Shepard filed his voluntary petition in bankruptcy, and was duly adjudged bankrupt. The indebtedness to his wife was included in his list of debts and creditors filed in the bankruptcy proceedings. The court of bankruptcy, on motion, granted an order temporarily staying all action on the part of the wife looking to the enforcement of her remedies against the bankrupt for the collection of this debt; and the case is now before the court on an order to show cause why the stay should not be made permanent until the determination of the bankrupt's application for discharge, under section 11 of the bankruptcy act of 1898, which provides that a suit pending against a bankrupt at the time of his adjudication, if "founded upon a claim from which a discharge would be a release, * * * may be stayed until twelve months after the date of such adjudication, or if, within that time, such person applies for a discharge, then until the question of such discharge is determined."

Benjamin D. Levy, for bankrupt.

BROWN, District Judge. My opinion is that a discharge in bankruptcy would not release the obligation to pay alimony, and, therefore, the stay, under section 11, should be denied.

---

## In re KUFFLER.

### (District Court, S. D. New York. October 20, 1899.)

BANKRUPTCY—TRUSTEE—APPOINTMENT BY REFEREE.

Where the creditors of a bankrupt are unable to elect a trustee, no sufficient majority agreeing upon any candidate, after two sessions held at the office of the referee for that purpose on successive days, and there appears to be immediate need of a trustee, it is within the authority of the referee to make the appointment; and an appointment so made will not be vacated by the judge if the person chosen is competent, impartial, and otherwise suitable.

In Bankruptcy. On motion of certain creditors of the bankrupt to vacate an appointment of a trustee of his estate made by the referee in bankruptcy.

Benj. Tuska and Horwitz & Samuels, for petitioning creditors.
G. W. Wingate, for trustee.